UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

PHILLIP J.,

Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 6:25-cv-01147-YY

OPINION AND ORDER

---

YOU, Magistrate Judge.

Plaintiff Phillip J. seeks judicial review of the Commissioner's final decision denying Social Security disability benefits. Plaintiff asserts the Administrative Law Judge erred in evaluating medical opinion testimony and discounting plaintiff's subjective symptom testimony and the statements of a lay witness. The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With that standard of review applied, the Commissioner's decision is REVERSED and REMANDED.

## I. Subjective Symptom Testimony

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the

severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281 (citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The proffered reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

Effective March 28, 2016, the Commissioner superseded Social Security Ruling ("SSR") 96-7p, governing the assessment of a claimant's "credibility," and replaced it with SSR 16-3p. *See* SSR 16-3p, available at 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. §§ 404.1529(c)(1)-(3), 416.929(c)(1)-(3); SSR 16-3p, *available at* 2017 WL 5180304, at *7-8. The lack of objective medical evidence may not form the sole basis for discounting a claimant's testimony. *Tammy S. v. Comm'r Soc.*

*Sec. Admin.*, No. 6:17-cv-01562-HZ, 2018 WL 5924505, at *4 (D. Or. Nov. 10, 2018) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit [a] claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.")). However, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original).

The ALJ observed that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but concluded that his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 22. Specifically, the ALJ found that plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were "inconsistent because medical records from the adjudicative period reasonably suggest he retains significant work-related functioning." Tr. 22.

The ALJ acknowledged plaintiff's claim that "he could not work on a regular basis due to his gastrointestinal symptoms – which reportedly contributed to excessive bathroom breaks and fecal incontinence that led him to quit his job as a medical cab driver because he could not leave his clients unattended to use a bathroom." Tr. 22. The ALJ observed that medical records from 2021 documented his "gastrointestinal symptoms – including abdominal pain and diarrhea." *Id.* The ALJ found, however, that "[d]espite his subjective complaints, [plaintiff] reportedly presented as 'well appearing' and in no acute distress," he "moved all extremities 'easily,' and he demonstrated normal gait and station." *Id.*

These were not clear and convincing reasons to discount plaintiff's subjective symptom complaints. Plaintiff did not complain that he was in constant pain or that he was in so much pain that he could not walk or move around. Rather, during the hearing, plaintiff responded affirmatively to the ALJ's question regarding whether there was a "direct correlation" between his gastrointestinal pain and the urgent need to go to the bathroom. Tr. 49. Plaintiff testified "it's not all the time stomach pain, but it's a lot of the time stomach pain," and explained that the stomach pain preceded or followed his bowel movements. *Id*. The medical records also show that plaintiff's diarrhea and pain were associated with food intake and that he avoided eating before leaving the house due to concern about not having toilet access. Tr. 294. Given this record, the fact that plaintiff did not appear in acute distress during his doctor visits does not negate plaintiff's claims of pain.

The ALJ also discounted plaintiff's subjective symptoms complaints because his "abdomen was not tender" and "[c]eliac and fecal calprotectin studies conducted in the latter half of 2021 were reportedly normal." Tr. 22. But some medical records in fact show that plaintiff experienced abdominal tenderness over the epigastric area. Tr. 357, 360. Moreover, the studies that the ALJ cited merely ruled out that those were the causes of plaintiff's diarrhea. The medical records otherwise show that plaintiff's diarrhea is tied to irritable bowel syndrome, and that diagnosis was made despite any observations that plaintiff's abdomen was not tender. *See* Tr. 292 (diagnosing plaintiff with "diarrhea predominant IBS"). In fact, the ALJ found that plaintiff had the severe impairment of "irritable bowel syndrome/chronic diarrhea." Tr. 20.

The ALJ further discredited plaintiff's subjective symptom complaints because while plaintiff had indicated at some medical visits that he had experienced abdominal pain and diarrhea "in the last 7 days," Tr. 22 (citing Ex. 2F, 9, 13), there were occasions when he indicated

that he had not experienced those symptoms "in the last 7 days." *Id.* (citing Tr. 325, 332, 335). The ALJ concluded "this evidence suggests the claimant's symptoms are chronic—but intermittent." *Id.*

But plaintiff's occasional negative responses to these questions are not inconsistent with his subjective symptom testimony that he has chronic diarrhea after he eats, three or four times on some days and six or seven times on other days. Tr. 46-47. Notably, plaintiff sometimes answered "no" to these questions at medical visits when he was not being seen for his gastrointestinal issues. *See* Tr. 331 (appointment for COVID test); Tr. 335 (appointment for mental health screening); Tr. 387 (follow up from emergency room visit after a fall). Also, plaintiff described that he had tried to stop his diarrhea with Imodium and Pepto Bismol, which resulted in constipation. Tr. 315; *see* Tr. 325 (answering "no" to questions about diarrhea and abdominal pain but indicating he was taking Pepto Bismol). Moreover, some reports state that plaintiff was continuing to experience chronic diarrhea after eating, despite also indicating that he had answered "no" to these questions. For example, one report indicates that plaintiff answered "no" to these questions but also reported that he was suffering from chronic diarrhea after eating. Tr. 341. Another indicates that plaintiff answered "no" but otherwise states that plaintiff described having nine to ten bowel movements daily, usually triggered by eating. Tr. 374; *see also* Tr. 378 (answering "no" but describing chronic diarrhea and having such frequent bowel movements that it is hard for him to work).

In sum, the ALJ failed to provide clear and convincing reasons, supported by substantial evidence, to reject plaintiff's subjective symptom testimony.

## II. Remand

While the claimant bears the burden of demonstrating the entitlement to disability, "Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). The obligation to develop the record "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). "One of the means available to an ALJ to supplement an inadequate medical record is to order a consultative examination, *i.e.*, 'a physical or mental examination or test purchased for [a claimant] at [the Social Security Administration's] request and expense.' " *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001) (quoting 20 C.F.R. § 416.919).

The record here contains the opinions of state agency medical consultants; one specializes in anesthesiology and the other specializes in psychology. Their opinions are from March of 2022. However, the record contains chart notes pertaining to plaintiff's irritable bowel syndrome and chronic diarrhea for at least one and a half years after that date. Moreover, there is no medical opinion by a gastroenterologist. Therefore, on remand, the ALJ shall order a consultative examination by a gastroenterologist.

**CONCLUSION**

The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED September 14, 2026.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge